### (May 23, 1939.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD MORRIS HIGLEY, Respondent, v. JESS J. MILLSPAW, Sheriff of the County of Schoharie, New York, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Motion granted, and bail fixed at one thousand dollars. [See *ante*, p. 40.]

### (May 24, 1939.)

In the Matter of the Claim of CLARA J. HANNAN, Appellant, against ZENNER TRUCKING CORPORATION, ALLIANCE CASUALTY COMPANY and STATE INSURANCE FUND, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion to dispense with printing of record denied, without costs, on the ground that a question of fact alone is involved.

In the Matter of the Estate of WILLIAM J. ZELLER, Deceased. JANE M. ZELLER, Executrix, etc., and Legatee, Appellant; BERNARD H. CHERNIN, as Special Guardian, etc., Appellant; GREEN & ANDERSON, Attorneys, Respondents.— Jane M. Zeller, the widow of William J. Zeller, deceased, as executrix of his will, and the special guardian for unknown heirs have appealed from a decree of the Surrogate's Court of Broome county, which awarded to the attorneys the sum of $3,402.55 for legal services to the estate. The entire estate, amounting to $15,270.47, consisted entirely of bank deposits and five shares of stock. Of this amount $13,610.23 came into the possession of the executrix. One deposit amounting to the sum of $1,660.24, in the Bank of Nova Scotia, Kingston, Jamaica, B. W. I., was not collected. There was no litigation in connection with the estate. The attorneys procured the admission of the will to probate, conducted a transfer tax proceeding and prepared a final account. For these services the surrogate allowed them the amount set forth above, being exactly twenty-five per cent of the assets coming into the possession of the widow. While the services rendered may have been of the value fixed by the surrogate those properly chargeable to the estate do not exceed $2,000. The excess, if any, is the personal liability of Jane M. Zeller. The decree is modified as above and as so modified affirmed, without costs. Hill, P. J., Crapser and Bliss, JJ., concur; McNamee and Heffernan, JJ., dissent upon the ground that the amount fixed by this court is excessive.